IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LURENDIA WEST** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 21-1541 |
| | : | |
| **C.R. BARD INC. and BARD** | : | |
| **PERIPHERAL VASCULAR INC.** | : | |

**MCHUGH, J.**                                                                                  **May 17, 2022**

### MEMORANDUM

This is a product liability action in which the Plaintiff, Lurendia West, has died, and no estate has been substituted to proceed. Having provided ample opportunity for any surviving family members to come forward and prosecute this case, in the absence of a proper party, Defendants' Motion to Dismiss must be granted.

**I.      Facts and Procedural History**

On December 14, 2021, Defendants informed the Court of the death of Plaintiff Lurendia West pursuant to Federal Rule of Civil Procedure 25. ECF 14. On December 30, 2021, Defendants moved to vacate the Court's Scheduling Order and enter an Order staying the case pending either (a) dismissal under Rule 25(a)(1), or (b) a Court order on any motion to substitute filed pursuant to Rule 25(a)(1). ECF 15. I granted the Motion to Vacate and stayed all deadlines "pending clarification of the status of this case." ECF 17. I also ordered that "[c]ounsel for Plaintiff shall report to the Court any decisions by decedent's family or estate with respect to this action, and shall in any case file a status report no later than February 11, 2022." *Id.* On February 28, 2022, Plaintiff's counsel filed a report that "[d]espite repeated efforts to contact and one recent call back and quick conversation with Decedent's daughter," whom counsel had

identified as the personal representative of decedent's estate, "Plaintiff's counsel has not been able to ascertain the family's intentions." Status Report, ECF 18.  In this status report, Plaintiff's counsel expressed her intention to file a motion to withdraw as counsel if no cooperation was forthcoming, and on April 7, 2022, Plaintiff's counsel sent a letter to Angela Coaxum, decedent's daughter and next-of kin, informing her of this intention, ex. A to Plt's Resp., ECF 20-1.

On April 4, 2022, Defendants filed a Motion to Dismiss for Failure to Substitute a Proper Party.  Mot. to Dismiss, ECF 19.  On April 25, 2022, Plaintiff's counsel submitted a response, again reiterating her inability to "obtain the cooperation of Plaintiff's next of kin...[d]espite repeated efforts to contact [them]."[1]  Plt's Resp. at 1, ECF 20.  In that same filing, Plaintiff's counsel filed moved to withdraw as counsel.  Notice was given to Ms. Coaxum.  *Id.* at 3.

**II.    Discussion**

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." The Rule further mandates that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed," although that 90-day period may be extended by a court under Fed. R. Civ. P. 6(b). *Indyk v. Experian Information Solutions, Inc.*, 2006 WL 1582093, at *1 (D.N.J. June 2, 2006).

It has been more than ninety days since the suggestion of death was docketed.  Plaintiff's counsel who requested that all correspondence with the personal representative be conducted

---

[1] Counsel represents that Decedent's family was sent a copy of Defendants' Motion to Dismiss by mail and email on April 7, 2022, and counsel sent letters and emails, and made multiple calls, seeking a response from the family.  *See* ECF 20 (attaching emails and letters from 12/29/21, 1/4/22, 2/7/22, 2/17/22, 2/25/22, 2/28/22).

through counsel. The Suggestion of Death was filed by the defense, and Plaintiff's counsel agreed to accept service on behalf of the personal representative of the decedent's estate and further agreed such service was sufficient notice under the Federal Rules. *See* Ex. A to Defendants' Motion to Vacate Scheduling Order and Stay at 3-4, ECF 15-1. More than the ninety days provided by the Rule within which to substitute a proper party-plaintiff have passed, and no attempt has been made to extend the time under Rule 6(b) for good cause shown. This is not the fault of Plaintiff's counsel, who has made repeated attempts to contact the putative personal representative of the estate, Ms. Coaxum. Neither Ms. Coaxum nor any other family member has expressed any interest in pursuing the claims Plaintiff raised. The events giving rise to this case took place many years ago, and the initial case management conference revealed significant issues of proof even if Ms. West had not passed away and was able to assist counsel. This matter has already been pending for more than a year, with little progress made in advancing discovery despite a Case Management Order issued by the Court. Given the totality of the record, I am persuaded that dismissal with prejudice is the appropriate result.[2]

### III.  Conclusion

For the reasons set forth above, counsel for Plaintiff is granted leave to withdraw, and Defendants' Motion to Dismiss will be granted. An appropriate order follows.

  /s/ Gerald Austin McHugh  
United States District Judge

---

[2] Although Rule 25(a)(1) uses the phrase "must be dismissed," the Rule does not specify whether the dismissal must be with prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017). The history of Rule 6(b) and Rule 25(a) make clear that district courts have discretion to enlarge the period of time to substitute a deceased party, and extensions of the period may be liberally granted. *Id.* (citations omitted). Accordingly, the decision to dismiss with or without prejudice is within the district court's discretion. *Id.* at 1095-96.